David Simantob, Esq., SBN 155790
  David.Simantob@wilsonelser.com
Linda T. Hoshide, Esq., SBN 190403
  Linda.Hoshide@wilsonelser.com
Shannon L. Santos, Esq., SBN 260112
  Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone:  213.443.5100
Facsimile:   213.443.5101

*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CRB WORKFORCE, LLC; SAMUEL BRENNER, an individual; MICHAEL GREG GRIMM, an individual, <br><br> Defendants. | CASE NO.  2:20-cv-1107 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Sentinel Insurance Company, Ltd. ("Sentinel") hereby makes its Complaint for Declaratory Relief against Defendants CRB Workforce ("CRB"), Samuel Brenner ("Mr. Brenner"), and Michael Greg Grimm ("Mr. Grimm") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Sentinel brings this action for declarations that it has no duty to defend or indemnify Defendants pursuant to Policy No. 46 SBM AB0357 DX, issued to

1  "CRB Workforce," effective from July 30, 2018 to June 19, 2019 ("Policy"), for the First Amended Complaint ("FAC") filed in the action entitled *VincentBenjamin Group, LLC, et al. v. Sam Brenner, et al.*, Orange County Superior Court, Case No. 30-2019-01045746-CU-BC-CJC ("Orange County Action") and the Cross-Complaint ("Cross-Complaint") filed in the action entitled *Sam Brenner v. VincentBenjamin Group, LLC, et al.*, Los Angeles Superior Court, Case No. 19STCV03719 ("Los Angeles County Action") (collectively "Underlying Actions").

## THE PARTIES

2. Sentinel is now and was at all relevant times a corporation formed under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. At all times mentioned in this Complaint, Sentinel has been authorized to do business in the State of California.

3. CRB is a limited liability company with its place of business in Marina del Rey, California. Mr. Brenner is the only member or manager of CRB, and, upon information and belief, Mr. Brenner resides in Los Angeles County, California.

4. Upon information and belief, Mr. Brenner is an individual residing in Los Angeles County, California.

5. Upon information and belief, Mr. Grimm is an individual residing in Los Angeles County, California.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57 to resolve an actual controversy between the parties as set forth herein. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Sentinel and Defendants and there is more than $75,000 in controversy.

///

7. Venue is proper pursuant to 28 U.S.C. § 1391(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district where CRB was doing business in California at all relevant times.

## THE POLICY

8. The Policy was issued to "CRB Workforce," effective from July 30, 2018 to June 19, 2019, with "personal and advertising injury" limits of $1,000,000. A true and correct copy of the Policy is attached as Exhibit "A" hereto.

9. The Policy contains Business Liability Coverage Form [Form SS 00 08 04 05], which provides in pertinent part as follows:

> **A.   COVERAGES**
>
> **1.   BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
>
> **Insuring Agreement**
>
> **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . . .
>
> * * *
>
> **b.**   This insurance applies:
>
> * * *

/ / /

      **(2)**    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

* * *

**B.**    **EXCLUSIONS**

    **1.**    **Applicable To Business Liability Coverage**

This insurance does not apply to:

* * *

    **p.**    **Personal And Advertising Injury**

"Personal and advertising injury":

* * *

    **(2)**    Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period;

* * *

    **(4)**    Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement";

* * *

    **(7)**    *(per Business Liability Coverage Form Amendatory Endorsement [Form SS 00 60 09 15])*

        **(a)**    Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, tradename, trade secret, service mark or other designation of origin or authenticity; or

**(b)** Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

**(1)** Infringement, in your "advertisement", of:

**(a)** Copyright;

**(b)** Slogan; or

**(c)** Title of any literary or artistic work; or

**(2)** Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".

\* \* \*

**(15)** Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's

confidential or personal information. *(per Business Liability Coverage Form Amendatory Endorsement [Form SS 00 60 09 15])*.

\* \* \*

**C.     WHO IS AN INSURED**

    **1.**     If you are designated in the Declarations as:

\* \* \*

        **c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

    **2.**     Each of the following is also an insured:

        **a.**     **Employees And Volunteer Workers**

. . . [Y]our "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\* \* \*

**G.     LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\* \* \*

    **5.**     "Bodily injury" means physical:

        **a.**     Injury;

        **b.**     Sickness; or

      **c.**    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

**17.** "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor *(per Business Liability Coverage Form Amendatory Endorsement [Form SS 00 60 09 15])*;

    **d.**    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral, written or electronic publication of material that violates a person's right of privacy;

    **f.**    Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

    **g.**    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement";

\* \* \*

**20.** "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the

        physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

(Exh. "A" hereto, Policy, A-23, 25, 30, 32, 42, 44-45, 47.)

    10.    The Policy was canceled effective June 19, 2019. (Exh. "A" hereto, Policy, A-66.)

## THE CLAIM

    11.    On February 11, 2019, the FAC in the Orange County Action was filed, naming CRB and Mr. Brenner as defendants. A true and correct copy of the FAC in the Orange County Action as provided to Sentinel is attached as Exhibit "B" hereto.

    12.    The FAC alleges that VincentBenjamin Group, LLC ("VB") hired Mr. Brenner in August 2014 as a sales representative for its recruiting and staffing company. (Exh. "B" hereto, FAC, ¶¶ 7, 10.) As part of the employment, Mr. Brenner signed an Employment Agreement, agreeing to protect and not disclose VB's trade secrets and confidential information. (FAC, ¶ 11.) Mr. Brenner is alleged to have then conspired to get other individuals to leave VB and start a staffing company to compete with VB. (FAC, ¶ 15.) Mr. Brenner is further alleged to have encouraged employees to disrupt VB's business with false claims and allegations. (FAC, ¶ 15.) The FAC alleges that, in May or June of 2018, the defendants wrongfully misappropriated VB's trade secrets and confidential information by downloading the information from VB's system to personal devices. (FAC, ¶ 16.) Mr. Brenner is alleged to have created CRB a week before July 7, 2018 when he resigned from VB. (FAC, ¶¶ 18, 19.) VB alleges that Defendants utilized VB's trade secrets and confidential information to unfairly compete and to solicit VB's contractors, employees, and customers. (FAC, ¶¶ 21, 24.)

Specifically, VB alleged that CRB and Mr. Brenner hired Mr. Grimm and conspired with him to remain employed at VB in order to continue to take advantage of VB's trade secrets and confidential information before Mr. Grimm resigned on August 29, 2018. (FAC, ¶ 22.)

13. The FAC alleges causes of action against CRB and Mr. Brenner for (1) unfair competition; (2) misappropriation of trade secrets; (3) intentional interference with economic relationships; (4) negligent interference with prospective economic relations; (5) conversion; (6) accounting; and (7) constructive trust. The FAC also includes causes of action against Mr. Brenner only for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the duty of loyalty.

14. The causes of action allege that "Defendants' actions are part of a deliberate scheme and plan to deprive VB of the benefits of its own substantial investment and efforts and to give Defendants an unfair competitive advantage." (FAC, ¶ 31.) VB further alleges that Defendants "used VB's trade secrets and confidential information . . . with reason to know that Defendants' knowledge of VB's trade secrets and confidential information was derived through Mr. Brenner, who had a duty to VB to maintain the secrecy of the information." (FAC, ¶ 39.) Defendants are alleged to have "knowingly, fraudulently, intentionally, and tortiously interfered with [VB's] relationships with VB's customers, contractors, and employees." (FAC, ¶ 47.) Mr. Brenner is alleged to have breached his Employment Agreement by removing VB's trade secrets and confidential information and using the proprietary information to solicit VB's customers, contractors, and employees. (FAC, ¶ 59.) Mr. Brenner is further alleged to have breached his duty of loyalty to VB by taking action in direct competition with VB during Mr. Brenner's employment. (FAC, ¶ 85.)

15. The FAC seeks an injunction, a constructive trust, return of wrongfully possessed property, an accounting of the defendants' earnings, compensatory

damages, and punitive damages. (FAC, ¶¶ 33, 34, 41, 43, 44, 49, 50, 56, 68, 73, 74, 77, 79, 87.)

16. On March 21, 2019, the Cross-Complaint in the Los Angeles County Action was filed, naming Defendants as parties. The factual allegations in the Cross-Complaint track those of the FAC. A true and correct copy of the Cross-Complaint in the Los Angeles County Action as provided to Sentinel is attached as Exhibit "C" hereto.

17. The Cross-Complaint brings the following causes of action against Defendants: (1) unfair competition; (2) misappropriation of trade secrets; (3) intentional interference with economic relationships; (4) accounting; and (5) constructive trust. The Cross-Complaint also includes causes of action against Mr. Brenner and Mr. Grimm only for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the duty of loyalty. The Cross-Complaint does not allege causes of action for negligent interference with prospective economic relations or conversion as alleged in the FAC.

18. The breach of contract claim against Mr. Grimm alleges that he was also subject to an Employment Agreement, agreeing to protect and not disclose VB's trade secrets and confidential information, which he breached prior to leaving his employment by conspiring with Mr. Brenner to misappropriate VB's trade secrets and confidential information. (Exh. "C" hereto, Cross-Complaint, ¶¶ 13, 78.)

19. On March 26, 2019, the Orange County Action was dismissed. The Los Angeles County Action is pending.

## THE CLAIMS HANDLING

20. On March 11, 2019, CRB and Mr. Brenner tendered the Orange County Action to Sentinel under the "personal and advertising injury" coverage in the Policy.

/ / /

21. On April 3, 2019, Sentinel denied CRB and Mr. Brenner's claim for defense and indemnity in the Orange County Action pursuant to the terms and conditions set forth in the Policy.

22. On April 23, 2019, CRB and Mr. Brenner requested Sentinel reconsider its denial of coverage and advised of the filing of the Los Angeles County Action. The April 23rd correspondence also stated that Sentinel owed an obligation to defend Mr. Grimm, claiming that Mr. Grimm is an employee of CRB. This was the first Sentinel was advised of the dismissal of the Orange County Action and of the existence of the Cross-Complaint filed in the Los Angeles County Action.

23. On May 16, 2019, Sentinel denied Defendants' claim for defense and indemnity of the Los Angeles County Action pursuant to the terms and conditions set forth in the Policy.

## FIRST CAUSE OF ACTION

### (For Declaratory Relief Re: No Duty to Defend)

24. Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

25. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Defendants regarding whether Sentinel has a duty to defend Defendants in connection with the Underlying Actions.

26. Upon information and belief, Defendants contend that Sentinel has a duty to defend them in connection with the Underlying Actions under the Policy.

27. Sentinel contends it has no duty to defend Defendants in the Underlying Actions under the Policy.

28. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, Sentinel has no duty to defend Defendants in the Underlying Actions under the Policy or applicable law, in whole or in part, for the following reasons:

      a.    The injury alleged in the Underlying Actions took place before or after the Policy period;

      b.    The Underlying Actions do not allege "personal and advertising injury" caused by an enumerated offense;

      c.    To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any actual or alleged infringement or violation of any intellectual property right, such as . . . trade secret";

      d.    To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the injury alleged in the Underlying Actions was included with a claim of "an infringement or violation of any intellectual property right";

      e.    To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any breach of contract";

      f.    To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any access to or disclosure of any person's or organization's confidential or personal information, including . . . trade secrets, [or] customer lists";

      g.    To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of oral, written or electronic publication of material whose first

publication took place before the beginning of the policy period";

  h. The Underlying Actions do not allege "property damage" or "bodily injury";

  i. Mr. Brenner does not qualify as an insured under the Policy for the conduct alleged in the Underlying Actions;

  j. Mr. Grimm does not qualify as an insured under the Policy for the conduct alleged in the Los Angeles County Action; and

  k. The Underlying Actions, in part, do not seek recovery of covered damages under California law, rather seeking non-monetary relief.

29. Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude its duty to defend Defendants under the Policy for the Underlying Actions.

30. Sentinel seeks a declaration from this Court that Sentinel has no duty to defend Defendants in the Underlying Actions under the Policy.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief Re: No Duty to Indemnify)

31. Sentinel hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

32. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Sentinel and Defendants regarding whether Sentinel has a duty to indemnify Defendants in connection with the Underlying Actions.

33. Upon information and belief, Defendants contend that Sentinel has a duty to indemnify them in connection with the Underlying Actions under the Policy.

/ / /

34. Sentinel contends it has no duty to indemnify Defendants in the Underlying Actions under the Policy.

35. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the Policy, Sentinel has no duty to indemnify Defendants in the Underlying Actions under the Policy or applicable law, in whole or in part, for the following reasons:

   a. The injury alleged in the Underlying Actions took place before or after the Policy period;

   b. The Underlying Actions do not allege "personal and advertising injury" caused by an enumerated offense;

   c. To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any actual or alleged infringement or violation of any intellectual property right, such as . . . trade secret";

   d. To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the injury alleged in the Underlying Actions was included with a claim of "an infringement or violation of any intellectual property right";

   e. To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any breach of contract";

   f. To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of any access to or disclosure of any person's or organization's

confidential or personal information, including . . . trade secrets, [or] customer lists";

g. To the extent the Underlying Actions allege "personal and advertising injury," the "Personal And Advertising Injury" exclusion excludes coverage as the alleged injury arises "out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period";

h. The Underlying Actions do not allege "property damage" or "bodily injury";

i. Mr. Brenner does not qualify as an insured under the Policy for the conduct alleged in the Underlying Actions;

j. Mr. Grimm does not qualify as an insured under the Policy for the conduct alleged in the Los Angeles County Action; and

k. The Underlying Actions, in part, do not seek recovery of covered damages under California law, rather seeking non-monetary relief.

36. Sentinel also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude its duty to indemnify Defendants under the Policy for the Underlying Actions.

37. Sentinel seeks a declaration from this Court that Sentinel has no duty to indemnify Defendants in the Underlying Actions under the Policy.

## PRAYER

WHEREFORE, Sentinel prays for judgment against Defendants as follows:

1. That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to defend Defendants in the Underlying Actions under the Policy;

2. That the Court determine, decree, and adjudge that Sentinel is entitled to a declaration that it has no duty to indemnify Defendants in the Underlying Actions under the Policy;

3. For attorneys' fees and costs;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Dated: February 3, 2020

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: /s/ Shannon L. Santos
David Simantob
Linda T. Hoshide
Shannon L. Santos
*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*